**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY PINEDA-CONTRERAS, | No. 08-74791 |
| Petitioner, | |
| v. | Agency No. A097-899-473 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Henry Pineda-Contreras, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

the immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005), and we deny the petition for review.

Pineda-Contreras asserts indigenous people in Guatemala targeted him on account of his membership in a landowning family. Substantial evidence supports the agency's denial of Pineda-Contreras' asylum claim, because he failed to demonstrate he was or will be harmed by forces the Guatemalan government is unwilling or unable to control. *See id.* at 1154 (the petitioner did not show government was unable or unwilling to control persecutors where German police took reports and investigated incidents, even though they were unable to solve the crimes); *see also Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (noting burden is on the applicant to show the government is unable or unwilling to control the non-governmental persecutor).

Because Pineda-Contreras failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Nahrvani*, 399 F.3d at 1154.

Finally, substantial evidence supports the agency's denial of Pineda-Contreras' CAT claim because he failed to establish a likelihood of torture by or with the acquiescence of government officials if returned to Guatemala. *See*

*Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007). Pineda-Contreras'

contention that the IJ failed to conduct a proper analysis of his CAT claim is belied

by the record.

**PETITION FOR REVIEW DENIED.**